a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS KIBBLE #15815-028,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05960<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CO DESSELLE ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Complaint filed by pro se Plaintiff Douglas Kibble ("Kibble"). Kibble is a prisoner at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). His Complaint, which was filed on a civil rights form under 42 U.S.C. § 1983, alleges a violation of constitutional rights by employees of USP-Pollock. Because his suit is against federal officers, his claims generally arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

To determine if Kibble is entitled to relief, he must AMEND the Complaint.

I. Background

Kibble alleges that he has been served "old and moldy food" since his arrival at USP-Pollock. He claims that he "was notified by medical" that he has "a bacteria"

---

[1] The United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

in the lining of his stomach, which causes pain in his stomach, chest, and throat. ECF No. 1 at 3.

Kibble further alleges that he received unspecified threats when he began the administrative remedy process. *Id.*

Kibble asserts that his mail has been withheld from him, and his legal mail was given to another inmate by Officers Nobility, Ganey, and others. *Id.*

## II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Kibble seeks monetary damages from Officers Desselle, Nobility, and Ganey. However, he does not allege how each Defendant allegedly violated his constitutional rights. Thus, Kibble must amend and state:

(1) the name(s) of EACH person who allegedly violated Plaintiff's constitutional rights;

(2) a description of what actually occurred AND what EACH Defendant did to violate Plaintiff's rights;

(3) the place and date(s) that EACH alleged violation occurred.

(4) a description of the injury sustained from EACH alleged violation.

With respect to his medical care claims, Kibble must also state:

(1) when and by whom he was diagnosed with a bacteria in his stomach;

(2) whether any medial professional attributed the bacteria to the food he is eating;

(3) the dates on which he requested medical care and to whom each request was made and whether he was provided medical care; and

(4) what medical care has been prescribed.

## III. Conclusion

Because Kibble must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint (ECF No. 1) within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Friday, December 9, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE