a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS KIBBLE #15815-028,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05960<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CO DESSELLE ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Douglas Kibble ("Kibble"). Kibble is a prisoner at the Federal Correctional Institution in Pollock, Louisiana. He alleges a violation of his constitutional rights by officers and employees at the United States Penitentiary in Pollock ("USP-Pollock"), where he was previously housed. Although Kibble filed a Complaint on a 42 U.S.C. § 1983 form, his suit for damages against federal officers is analyzed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Because Kibble fails to state a viable *Bivens* claim, his Complaint and Amended Complaint (ECF Nos. 1, 7) should be DENIED and DISMISSED WITH PREJUDICE.

---

[1] The United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials under § 1983.

1

I. Background

Kibble alleges that he was served "old and moldy food" at USP-Pollock, which caused him to contract H. pylori in the lining of his stomach. Kibble states that the illness causes pain in his stomach, chest, and throat. ECF Nos. 1 at 3; 7 at 2.

Kibble further alleges that he was threatened by various officer when he began the administrative remedy process. *Id*; ECF No. 7 at 2.

Finally, Kibble asserts that his mail has been withheld at times, and some of his legal mail was given to another inmate. *Id.*

II. Law and Analysis

A. Kibble's Complaint is subject to preliminary screening.

Because Kibble is suing officers or employees of a governmental entity and proceeding in forma pauperis, his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Kibble fails to state a viable *Bivens* claim.

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*, where the United States Supreme Court held that it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures. Kibble seeks monetary relief from a federal officer for the alleged violation of his constitutional rights, so his claim arises under *Bivens*.

The availability of a *Bivens* claim arises only in limited circumstances. The United States Court of Appeals for the Fifth Circuit has recently confirmed:

> Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S.Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

> Virtually everything else is a "new context." *See Abbasi*, 137 S. Ct. at 1865 (explaining that "the new-context inquiry is easily satisfied"). As the Supreme Court has emphasized, our "understanding of a 'new context' is broad." *Hernandez v. Mesa*, —— U.S. ——, 140 S. Ct. 735, 743, 206 L.Ed.2d 29 (2020). That's because "even a modest extension" of the *Bivens* trilogy "is still an extension." *Abbasi*, 137 S. Ct. at 1864. And to put it mildly, extending *Bivens* to new contexts is a "disfavored judicial activity." *Id.* at 1857 (quotation omitted).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

"The Supreme Court has provided a two-part test to determine when extension would be appropriate." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 2850 (2022), *reh'g denied*, 143 S.Ct. 61 (2022). "First, courts should consider whether the case before it presents a 'new context.'" *Id.* (citing *Hernandez*, 140 S. Ct. at 743. And virtually everything outside the specific circumstances presented in *Bivens*, *Davis*, and *Carlson* presents a "new context." *Oliva*, 973 F.3d at 442. "The critical question is not whether the claim arises under the same amendment at issue in *Bivens*, *Davis*, or *Carlson*, but rather, whether the case 'is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court.'" *Dissler v. Zook*, 3:20-CV-00942, 2021 WL 2598689, at *3 (N.D. Tex. 2021), *report and recommendation adopted*, 2021 WL 2589706 (N.D. Tex. 2021) (citations omitted).

If a claim arises in a new context, courts proceed to the second step of the inquiry and contemplate whether there are any special factors that counsel hesitation about granting the extension. *Id.* (quoting *Hernandez*, 140 S. Ct. at 743). The Supreme Court has not defined "special factors counselling hesitation," *Abbasi*, 137 S. Ct. at 1857-58, but "[s]ome recognized special factors to consider include:

4

whether there is a 'risk of interfering with the authority of the other branches,' whether 'there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy,' and 'whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" *Byrd*, 990 F.3d at 881 (quoting *Hernandez*, 140 S. Ct. at 743). "When a party seeks to assert an implied cause of action under the Constitution," as in this case, "separation-of-powers principles . . . should be central to the analysis." *Abbasi*, 137 S. Ct. at 1857.

Kibble's claims that Defendants caused him to contract H. pylori; threatened him; and withheld his mail and other property are different from the specific circumstances presented in *Bivens*, *Davis*, and *Carlson*. Therefore, Kibble's claims arise in a new context as to *Bivens*. ECF No. 1 at 3; ECF No. 7 at 2.

There are several factors that counsel hesitation about extending *Bivens* to Kibble's claims. Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"). In addition, the BOP's Administrative Remedy Program provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley*, 2020 WL 532338, at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or

grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

Additionally, the "administration of the federal prison system" is a special factor counseling hesitation against such expansion. *Nabaya v. Bureau of Prisons*, 3:19-cv-215, 2020 WL 7029909, at *5 (N.D. Tex. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020); *see also Sheldon*, 2022 WL 1651463, at *6; *Petzold v. Rostollan*, 946 F.3d 242, 248 n.2 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration.") (citing *Abbasi*, 137 S. Ct. at 1857-58).

Because special factors preclude the extension of *Bivens* to Kibble's claims, his Complaint should be denied and dismissed.

### III. Conclusion

Because Kibble fails to state a viable *Bivens* claim, IT IS RECOMMENDED that the Complaint and Amended Complaint (ECF Nos. 1, 7) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) an 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 23, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE